STEFFEN *v.* HERR

[No. 309, September Term, 1962.]

480

*Decided May 15, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Jan A. Obst* for appellant.

*Marvin Braiterman* for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of an equity court dismissing a bill filed July 14, 1961, for rescission of a written contract and the recovery of $2,500.00 paid for the purchase of stock. The case turns on the proper construction of the contract.

On November 1, 1957, Ray E. Herr, a resident of Florida and the owner of all the outstanding 787 shares of the common stock of Herr Electric Company entered into an agreement with

Joseph E. Mullen of Glen Burnie and Heinie C. Steffen of Landsdowne, Maryland. The agreement recited that Mullen and Steffen were employees who had rendered valuable services, that Herr was unable to devote as much time to the business of the corporation as he had in the past, and that Herr "desires that the said Joseph E. Mullen and Heinie C. Steffen take a more active interest in the business of the Corporation, not only as employees, but as officers and stockholders."

The agreement then provided that Herr "agrees to sell" 24%, or 189 shares, to each of the named employees, at a total price of $9,250.00 or $48.94 per share and they each agreed to pay $25.00 per week on account of the purchase price, with 4% interest on the unpaid balances, with the right of prepayment to reduce interest charges. Restrictions were imposed on the sale of stock, but the stock was to remain in the hands of the seller until fully paid. There was a provision for purchase upon death, the stock certificates were indorsed as being subject to the terms of the agreement, and there was a mutual covenant clause as to the actions relating to the affairs of the corporation. The agreement is completely silent, however, as to what could or should be done in the event of default in the payment of the weekly installments.

It was shown in the testimony, that Steffen's salary was increased from $125.00 to $150.00 per week to enable him to make the payments called for in the agreement, that he paid $1,000 down and $25.00 was deducted from his salary each week. He was discharged in October, 1958 but later re-employed as a salesman. At that time he had paid $2500.00 to the company. Steffen left the company in June, 1960. Steffen demanded repayment of the payments he had made on account. Herr refused, but agreed to turn over the shares if the balance of $6750 was paid. On July 27, 1961, Herr sold all the 787 shares of the corporation to third parties, at a price of $28,200, or $35.83 per share. It was admitted that Herr proved a loss of about $2,500.00 on the transaction, and that he never received any interest.

The appellant's theory of the case is not entirely clear. He does not rely upon unjust enrichment, but seems to contend that there was no consideration for the agreement, and that

the sale of the stock by Herr in 1961 constituted a breach. We find no merit in either contention. The payment of $1,000 down and $25.00 a week was obviously a good consideration for the sale of the stock, and although, as the Chancellor found, the seller was ready and willing to complete the bargain down to July 1961, he was still entitled to rely upon the buyer's breach in October, 1958, because there was no waiver. The seller was not required to hold the stock forever, in the absence of any request for extension or offer by the buyer to complete the transaction, particularly after an election by the buyer to rescind. There was no evidence of a rescission accepted by the seller. See *Great United Realty Co. v. Lewis,* 203 Md. 442 and *Quillen v. Kelley,* 216 Md. 396. See also 5 *Corbin, Contracts,* § 1131.

It is also clear that even though the contract was silent as to what disposition was to be made of the down payment and installments in the event of a default by the buyer, the buyer is not entitled to a return as a matter of right. See *Alois v. Waldman,* 219 Md. 369, 377 and cases cited. Cf. *Newcomb v. Ray,* 114 A. 2d 882 (N. H.). In the *Alois* case it was held that the retention of the deposit could be justified on the theory that it was in the nature of liquidated damages, in lieu of actual damages there shown. So, in the instant case, there was proof of actual damage in excess of the sum claimed, although there was no counterclaim.

Perhaps the strongest argument that could be advanced for the appellant is that the agreement was wholly contingent upon the continued employment of the buyer. Some color for the contention may be drawn from the recitals, which indicate a desire to offer an incentive by a reward of minority ownership to the two most active employees. The difficulty lies in reading into the contract a condition that is simply not there. The language is clearly that of unconditional bargain and sale, delivery to be made only upon completion of the installment payments. We cannot find that the Chancellor erred in his construction of the contract, or in his findings of fact.

*Decree affirmed, with costs.*